UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **OPTIMUM CONSTRUCTION, INC.**, <br><br> Plaintiff, <br><br> v. <br><br> **EMBASSY OF THE ARAB REPUBLIC OF EGYPT**, <br><br> Defendant. | Civil Action No. 22-cv-707 (TSC) |

## MEMORANDUM OPINION

Plaintiff Optimum Construction, Inc., has sued the Embassy of the Arab Republic of Egypt for breach of contract. *See* Compl., ECF No. 1. For two reasons, the court will GRANT in part Defendant's Motion to Dismiss, ECF No. 31 ("MTD"), and dismiss this case without prejudice.

First, under Local Civil Rule 7(b), if a party fails to oppose a motion to dismiss, "the Court may treat the motion as conceded." This case presents a "straightforward" example of that failure. *Cohen v. Bd. of Trustees of the Univ. of the D.C.*, 819 F.3d 476 (D.C. Cir. 2016) (quoting *Fox v. Am. Airlines, Inc.*, 389 F.3d 1291, 1294 (D.C. Cir. 2004). Plaintiff's opposition was due on May 26, 2023, *see* 05/01/2023 Minute Order, but it has "failed to respond *at all* to the motion to dismiss" or otherwise remedy that failure in the months since that time, *Cohen*, 819 F.3d at 483–84. That alone warrants dismissal without prejudice. *Cohen*, 819 F.3d at 483.

Second, Plaintiff's non-response also confirms its failure to prosecute this case. Federal Rule of Civil Procedure 41 and Local Civil Rule 83.23 both provide for dismissal if a plaintiff fails to prosecute. Dismissal is warranted when, "in view of the entire procedural history of the

case, the litigant has not manifested reasonable diligence in pursuing the cause." *Bomate v. Ford Motor Co.*, 761 F.2d 713, 714 (D.C. Cir. 1985). "A lengthy period of inactivity may . . . be enough to justify dismissal," at least when "the plaintiff has been previously warned that he must act with more diligence." *Smith–Bey v. Cripe*, 852 F.2d 592, 594 (D.C. Cir. 1988) (citation omitted). The court previously warned Plaintiff that significant inaction—in that instance, a five-month delay in entering an appearance—could result in dismissal for failure to prosecute. *See* 08/06/2022 Minute Order to Show Cause. Plaintiff has again lapsed into months of dormancy without any explanation, even in the face of a pending motion to dismiss. That is enough for the court to conclude that Plaintiff has failed to prosecute here.

For these reasons, the court will dismiss this case. The court does not reach Defendant's additional arguments for dismissal. *See* MTD at 3–10. Conscious, however, of "the clear preference of the Federal Rules to resolve disputes on their merits," *Cohen*, 819 F.3d at 482, the dismissal will be without prejudice. A corresponding Order will accompany this Memorandum Opinion.

Date: September 22, 2023

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge